## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CORNERSTONE CREDIT UNION LEAGUE AND CONSUMER DATA INDUSTRY ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU and the Acting Director of the Consumer Financial Protection Bureau, <br><br> Defendants. | No. 4:25-cv-00016-SDJ |

## [PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT-INTERVENORS

Defendant-Intervenors would respond to Plaintiffs' Complaint, ECF No. 1, as follows:

### INTRODUCTION

1.    Denied.

2.    Admit that Congress passed the Fact Act in 2003, which speaks for itself.  Except as expressly admitted herein, the remaining allegations are denied.

3.    The statute and regulations speak for themselves. Except as expressly admitted herein, denied.

4.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the allegations in Paragraph 4, and therefore deny said allegations.

5.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the allegations in Paragraph 5, and therefore deny said allegations.

6.    Denied.

7.     Denied.

8.     Denied.

9.     Denied.

10.     The regulations speak for themselves. Except as expressly admitted herein, denied.

11.     Denied.

## PARTIES

12.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the allegations in Paragraph 12, and therefore deny said allegations.

13.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the allegations in Paragraph 13, and therefore deny said allegations.

14.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the allegations in Paragraph 14, and therefore deny said allegations.

15.     Admit that the CFPB is an independent bureau of the Federal Reserve that administers and enforces consumer protection laws, and that its address is 1700 G St. NW Washington, DC 20552.  Denied that Rohit Chopra serves as the Director of the CFPB.

## JURISDICTION AND VENUE

16.     Denied as a legal conclusion; the statute speaks for itself.

17.     Denied as a legal conclusion; the quoted case speaks for itself.

18.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the allegations in Paragraph 18 and therefore deny said allegations.

19.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the allegations in Paragraph 19 and therefore deny said allegations.

20.     Denied as a legal conclusion.

21.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the allegations in Paragraph 21 and therefore deny said allegations.

22.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the allegations in Paragraph 22 and therefore deny said allegations.

23.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the allegations in Paragraph 23 and therefore deny said allegations.

## BACKGROUND

**A.     The Fair Credit Reporting Act**

24.     The statute speaks for itself. To the extent not expressly admitted herein, denied.

25.     Admit that Congress passed the FCRA in 1970.  To the extent not expressly admitted herein, denied.

26.     The statute speaks for itself. To the extent not expressly admitted herein, denied.

27.     The statute speaks for itself. To the extent not expressly admitted herein, denied.

28.     The statute speaks for itself. To the extent not expressly admitted herein, denied.

29.     The statute speaks for itself. To the extent not expressly admitted herein, denied.

30.     The statute speaks for itself. To the extent not expressly admitted herein, denied.

31.     The statute and legislative history speak for themselves. To the extent not expressly admitted herein, denied.

32.     The statute and legislative history speak for themselves. To the extent not expressly admitted herein, denied.

33.      The statute and legislative history speaks for themselves. To the extent not expressly admitted herein, denied.

34.    The statute and legislative history speaks for themselves. To the extent not expressly admitted herein, denied.

**B.    Applicable Regulations**

35.    The statute and Federal Register notice speak for themselves. To the extent not expressly admitted herein, denied.

36.    The regulation and Federal Register speak for themselves. To the extent not expressly admitted herein, denied.

37.    The statute and Federal Register speak for themselves. To the extent not expressly admitted herein, denied.

**C.    Consumer Reporting Agencies**

38.    Admitted that credit reporting and scores are used in the credit market. To the extent not expressly admitted herein, denied.

39.    The cited sources and Rule speak for themselves. To the extent not expressly admitted herein, denied.

40.    The statute speaks for itself. To the extent not expressly admitted herein, denied.

41.    Admitted that nationwide CRAs have changed their practices with respect to medical debt starting in 2022. Admitted that many medical debt tradelines are not due to delinquency by a borrower but delays in health insurance companies providing reimbursement. Admit that the changes implemented by the nationwide CRAs have improved credit reports. To the extent not expressly admitted herein, denied.

42.    Admit that medical debt on consumer reports is sometimes factored into a consumer's credit score. To the extent not expressly admitted herein, denied.

43.     Admit that credit scoring companies have taken different approaches to how they treat medical debt information in their score calculations. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 43, and therefore deny said allegations.

**D. Final Rule**

44.     The Federal Register speaks for itself. To the extent not expressly admitted herein, denied.

45.     The comments submitted by CDIA and Cornerstone speak for themselves and to the extent that the allegations conflict with the record, denied.  Admit that the CFPB issued the final rule on January 7, 2025.  Denied that it will be effective in 60 days from January 7, 2025. To the extent not expressly admitted herein, denied.

46.     The Final Rule speaks for itself. To the extent not expressly admitted herein, denied.

47.     The Final Rule speaks for itself. To the extent not expressly admitted herein, denied.

48.     Denied.

49.     The statute speaks for itself. To the extent not expressly admitted herein, denied.

50.     The statute speaks for itself. To the extent not expressly admitted herein, denied.

51.     The Final Rule speaks for itself. To the extent not expressly admitted herein, denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.    Denied.

56.    The comment letters speak for themselves. To the extent not expressly admitted herein, denied.

57.    The Final Rule speaks for itself. To the extent not expressly admitted herein, denied.

58.    The Final Rule speaks for itself. To the extent not expressly admitted herein, denied.

59.    The Final Rule speaks for itself. To the extent not expressly admitted herein, denied.

## CLAIMS FOR RELIEF

## COUNT I

**Violation of the APA: Limits on CRAs Exceed the CFPB's Statutory Authority (5 U.S.C. § 706(2)(A), (C); 15 U.S.C. § 1681b(g)(1))**

60.    Intervenor-Defendants repeat and incorporate by reference the foregoing.

61.    The statute and cases speak for themselves. To the extent not expressly admitted herein, denied.

62.    Denied.

63.    Denied.

64.    Denied

65.    Denied.

66.    The case cited speaks for itself. To the extent not expressly admitted herein, denied.

67.    The Final Rule speaks for itself. To the extent not expressly admitted herein, denied.

68.    The case cited speaks for itself. To the extent not expressly admitted herein, denied.

69.    The case cited speaks for itself. To the extent not expressly admitted herein, denied.

70.    The case cited, the press release, and the statute speak for themselves. To the extent not expressly admitted herein, denied.

71.    Denied.

## COUNT II

**Violation of the APA: Limits on Creditors Exceed the CFPB's Statutory Authority (5 U.S.C. § 706(2)(A), (C); 15 U.S.C. § 1681b(g)(2))**

72.    Defendant-Intervenors repeat and incorporate by reference the foregoing.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    The case cited speaks for itself. To the extent not expressly admitted herein, denied.

78.    Denied

79.    Denied.

80.    Denied.

## COUNT III

**Violation of the APA: The Final Rule Improperly Imposes Additional Requirements Based on State Law**

**(5 U.S.C. §§ 552(a), 706(2)(A), (D); 1 C.F.R. § 51.5)**

81.     Defendant-Intervenors repeat and incorporate by reference the foregoing.

82.     The Proposed Rule and Final Rule speak for themselves. To the extent not expressly admitted herein, denied.

83.     The statute speaks for itself. To the extent not expressly admitted herein, denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     The statute speaks for itself. To the extent not expressly admitted herein, denied.

88.     The Proposed Rule speaks for itself. To the extent not expressly admitted herein, denied.

89.     Denied.

90.     The statute and regulations speak for themselves. To the extent not expressly admitted herein, denied.

91.     Denied.

92.     The Final Rule speaks for itself. To the extent not expressly admitted herein, denied.

93.     The quoted materials speak for themselves. To the extent not expressly admitted herein, denied.

94.     Denied.

## COUNT IV

## Violation of the APA: The Final Rule is Arbitrary and Capricious

## (5 U.S.C. § 706(2)(A))

95.    Defendant-Intervenors repeat and incorporate by reference the foregoing.

96.    Denied.

**A.    Reliance on the 2014 Study and Technical Appendix**

97.    The study cited speaks for itself. To the extent not expressly admitted herein, denied.

98.    The study cited and Final Rule speak for themselves. To the extent not expressly admitted herein, denied.

99.    The Federal Register and Final Rule speak for themselves. To the extent not expressly admitted herein, denied.

100.    The materials cited speak for themselves. To the extent not expressly admitted herein, denied.

101.    The statements by FICO speak for themselves. To the extent not expressly admitted herein, denied.

102.    The Comment Letters speak for themselves. To the extent not expressly admitted herein, denied.

103.    The study cited in note 33 and the materials submitted to the CFPB speak for themselves. To the extent not expressly admitted herein, denied.

104.    The Final Rule speaks for itself. To the extent not expressly admitted herein, denied.

105.    The study cited in note 34 speaks for itself. To the extent not expressly admitted herein, denied.

106.    Denied.

**B.    Inadequate Cost-Benefit Analysis**

107.    The case cited and Final Rule speak for themselves. To the extent not expressly admitted herein, denied.

108.    The cited materials speak for themselves. To the extent not expressly admitted herein, denied.

109.    The cited materials speak for themselves. To the extent not expressly admitted herein, denied.

110.    The Final Rule speaks for itself. The cited materials speak for themselves. To the extent not expressly admitted herein, denied.

**C.    Introducing Fundamental Contradictions Into the Regulatory Framework**

111.    Denied.

112.    Denied.

## PRAYER FOR RELIEF

Plaintiffs' prayer for relief does not require a response, but insofar as a response is deemed necessary, Defendant-Intervenors deny that plaintiffs are entitled to the requested relief or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim or claims upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs lack standing to bring some, or all, of the claims contained in the complaint.

**THIRD DEFENSE**

The court lacks jurisdiction over the claims in the complaint.

**FOURTH DEFENSE**

Venue is not proper in this judicial district.

**FIFTH DEFENSE**

Defendant-Intervenors assert all other defenses to which they are or may be entitled to under Fed.R.Civ.P. 12(b).

**SIXTH DEFENSE**

Plaintiffs have failed to exhaust the available administrative remedies for some, or all, of their claims.

**SEVENTH DEFENSE**

Defendant-Intervenors specifically deny any and all allegations of the Complaint not herein specifically admitted, regardless of paragraph number, letter, or lack thereof.

**WHEREFORE**, Defendant-Intervenors respectfully submit their answer and affirmative defenses to Plaintiffs' Complaint, and move the Court for dismissal of the Complaint with prejudice, at Plaintiffs' sole cost, and that Defendant-Intervenors be granted such other and further relief as the Court may deem just and proper, including recovery of all costs and appropriate fees.

Dated: February 24, 2025

Respectfully submitted:

/s/ *Jennifer S. Wagner*
Jennifer S. Wagner (admitted *pro hac vice*)

Chi Chi Wu (motion for admission *pro hac vice* forthcoming)
National Consumer Law Center
7 Winthrop Square
Boston, MA 02110
Ph: 617-542-8010
jwagner@nclc.org
cwu@nclc.org

Carla Sanchez-Adams
Texas Bar No. 24070552
National Consumer Law Center
1001 Connecticut Avenue, NW, Suite 510,
Washington, DC, 20036
Ph: 202-452-6252
Fax: 202-296-4062
csanchezadams@nclc.org

*Counsel for Proposed Intervenors*

## CERTIFICATE OF SERVICE

I certify that on February 24, 2025, the foregoing document was filed on the Court's CM/ECF system which sent notification of such filing to all counsel of record.

/s/ *Jennifer S. Wagner*