UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CORNERSTONE CREDIT UNION LEAGUE and CONSUMER DATA INDUSTRY ASSOCIATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU and RUSSELL VOUGHT in his official capacity as Acting Director of the CFPB,<br><br>*Defendants.* | Civil Action No. 4:25-cv-00016-SDJ |

**JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT**

Defendants the Consumer Financial Protection Bureau and Russell Vought (collectively, "the Bureau") and Plaintiffs Cornerstone Credit Union League ("Cornerstone") and Consumer Data Industry Association ("CDIA") jointly move for (i) the entry of a consent judgment as to Counts I, II, and III of the Complaint (ECF 1), and (ii) dismissal of all other claims in the complaint with prejudice, including those contained in Count IV.

In support of this motion, the parties state the following:

1.     On January 7, 2025, the Bureau issued the Prohibition on Creditors and Consumer Reporting Agencies Concerning Medical Information (Regulation V), 90 Fed. Reg. 3276 (Jan. 14, 2025) ("Medical Debt Rule" or "Rule").  That Rule has three primary components.  *First*, it generally prohibits consumer reporting agencies ("CRAs") from including medical debt information on a consumer report furnished to a creditor.  *Id.* at 3373–74.  *Second*, the Rule generally bars creditors from considering a consumer's medical debt when making credit

1

decisions, even if that information is coded to protect the identity of the consumer. *Id.* at 3372–73; *see* 12 C.F.R. § 1022.30(b). *Third*, the Rule prohibits CRAs from reporting medical debt information to a creditor unless they have "reason to believe the creditor is not otherwise legally prohibited from obtaining or using the medical debt information, including by a State law." 90 Fed. Reg. at 3374.

2. The same day the rule issued, Plaintiffs sued. They raised four counts, including Counts I, II, and III, all of which allege that the Medical Debt Rule should be set aside under the Administrative Procedure Act because the Rule violates the Fair Credit Reporting Act ("FCRA") and is, therefore, contrary to law. Count I alleges that the Medical Debt Rule violates 15 U.S.C. § 1681b(g)(1), which expressly permits CRAs to report coded medical debt information to creditors. *See* Compl. ¶¶ 60–71. Count II alleges that the Rule violates 15 U.S.C. § 1681b(g)(2), which expressly permits creditors to consider coded medical debt information when making credit decisions. Compl. ¶¶ 72–80. And Count III alleges that there is no statutory basis for the Bureau to limit the kinds of information CRAs may furnish based on the content of the report or state law applicable to creditors. Compl. ¶¶ 81–89; *see also* 15 U.S.C. § 1681t(a).

3. Plaintiffs moved for a preliminary injunction on January 10, 2025. The Bureau opposed the motion on January 23, and Plaintiffs filed their reply brief on January 27. The Court set a hearing for February 10.

4. After the change in presidential administrations, the Bureau conferred with Plaintiffs and submitted an unopposed motion requesting a 90-day preliminary injunction, staying the effective date of the Medical Debt Rule under 5 U.S.C. § 705 until June 15, 2025. The Court granted the motion, stayed all deadlines in the case until May 7, and rescheduled the preliminary injunction hearing for May 12.

5.      On February 24, 2025, two individuals with medical debt and two organizations who purportedly assist individuals with medical debt sought to intervene in the case. Plaintiffs opposed the motion, and the putative intervenors' motion is still pending.

6.      The parties now agree that, as alleged in Count I, the Medical Debt Rule exceeds the Bureau's authority and is contrary to law because it violates § 1681b(g)(1). That provision states:

> [a] consumer reporting agency shall not furnish … a consumer report that contains medical information (other than medical contact information treated in the manner required under section 1681c(a)(6) of this title) about a consumer, *unless* … the information to be furnished pertains solely to transactions, accounts, or balances relating to debts arising from the receipt of medical services, products, or devi[c]es, where such information, other than account status or amounts, is restricted or reported using codes that do not identify, or do not provide information sufficient to infer, the specific provider or the nature of such services, products, or devices, as provided in section 1681c(a)(6) of this title.

15 U.S.C. § 1681b(g)(1)(C) (emphasis added). More simply, § 1681b(g)(1) expressly permits CRAs to include a consumer's medical debt information on their consumer report, as long as the information is coded to hide the consumer's underlying health condition, procedure, or provider. The Medical Debt Rule contradicts that provision by prohibiting CRAs from furnishing medical debt information to creditors—even coded information. *See also* Plfs' Mot. for Preliminary Injunction (ECF 9), at 7–10. "Nothing," however, "authorizes an agency to modify unambiguous requirements imposed by a federal statute." *Util. Air Regul. Grp. v. EPA*, 573 U.S. 302, 327 (2014). The parties accordingly ask this Court to find that the Medical Debt Rule is contrary to law.

7. The parties also agree that, as alleged in Count II, the Medical Debt Rule exceeds the Bureau's authority and is contrary to law because it violates § 1681b(g)(2). Section 1681b(g)(2) provides:

> Except as permitted pursuant to paragraph (3)(C) or regulations prescribed under paragraph (5)(A), a creditor shall not obtain or use medical information (*other than* medical information treated in the manner required under section 1681c(a)(6) of this title) pertaining to a consumer in connection with any determination of the consumer's eligibility, or continued eligibility, for credit.

15 U.S.C. § 1681b(g)(2) (emphasis added). In other words, creditors *may* consider medical information that is "reported using codes that do not identify, or provide information sufficient to infer, the specific provider or the nature of such services, products, or devices to a person other than the consumer." *Id.* § 1681c(a)(6)(A). The Medical Debt Rule, by contrast, prohibits creditors from using even coded information about medical debt to make credit decisions. Again, the Rule contradicts the clear and unambiguous language of the statute. *See also* Plfs' Mot. for Preliminary Injunction (ECF 9), at 11–13. The parties accordingly ask this Court to find that the Rule is contrary to law.

8. The parties also agree that, as alleged in Count III, the Medical Debt Rule exceeds the Bureau's authority and is contrary to law because it relies on an erroneous interpretation of 15 U.S.C. § 1681b(a). Section 1681b(a) provides that CRAs may only furnish consumer reports for enumerated permissible purposes, including to a creditor "in connection with a credit transaction involving the consumer on whom the information is to be furnished." 15 U.S.C. § 1681b(a)(3)(A). Nothing in that section states that the permissibility of furnishing a consumer report depends on whether the report includes properly coded medical debt information, let alone state laws governing what information creditors can consider. *See* Plfs' Mot. for Preliminary Injunction (ECF 9), at 13–15.

9. In this Circuit, when an agency action is contrary to law, the "default rule is that vacatur is the appropriate remedy." *Rest. L. Ctr. v. U.S. Dep't of Lab.*, 120 F.4th 163, 177 (5th Cir. 2024) (quoting *Data Mktg. P'ship, LP v. U.S. Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022)); *accord Braidwood Mgmt., Inc. v. Becerra*, 104 F.4th 930, 952 (5th Cir. 2024); *Chamber of Com. v. SEC*, 88 F.4th 1115, 1118 (5th Cir. 2023); *see also Chamber of Com. v. CFPB*, 2025 WL 1110761, at *1 (N.D. Tex. Apr. 15, 2025) (granting motion for entry of consent judgment and vacating CFPB's credit card late fee rule as contrary to law). The parties agree that the default rule applies in this case because the Bureau could not rectify the defect in the Medical Debt Rule on a remand to the agency. *See Rest. L. Ctr.*, 120 F.4th at 177.

10. Accordingly, the parties request that the Court enter a final judgment holding unlawful and vacating the Medical Debt Rule because it exceeds the Bureau's statutory authority and violates 15 U.S.C. § 1681b(g)(1)–(2) and the Administrative Procedure Act.

11. The parties request that the Court dismiss the remaining claims, contained in Count IV, with prejudice. The parties agree that such dismissal would not in any way foreclose challenges to other Bureau regulations, and that the Bureau will not argue issue or claim preclusion forecloses such a future challenge.

12. Plaintiffs and Defendants will bear their own costs and fees.

13. As to the pending motion to intervene, because this case presents purely legal questions that have already been subject to vigorous adversarial briefing, intervenors can add little to the arguments already submitted. Should the Court nonetheless grant the motion to intervene either in whole or in part, the parties request that the Court order the intervenors to file promptly any objections to the proposed consent order and give Plaintiffs and the Bureau commensurate time to respond.

DATED: April 30, 2025                               Respectfully Submitted,

MARK PAOLETTA
*Chief Legal Officer*

DANIEL SHAPIRO
*Deputy Chief Legal Officer*

VICTORIA DORFMAN
*Senior Legal Advisor*

CHRISTOPHER DEAL
*Assistant General Counsel for Litigation*

*/s/ Andrea J. Matthews*
Andrea J. Matthews (M.A. Bar No. 694538)
*Pro hac vice*
*Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
andrea.matthews@cfpb.gov
(202) 407-2324

**Counsel for Defendants Consumer Financial Protection Bureau and Russell Vought**

*/s/ Alex More*
Alex More
TX Bar No. 24065789
Andrea C. Reed
TX Bar No. 24121791
CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.
901 Main Street
Suite 5500
Dallas, TX 75202
Tel: (214) 855-3053
amore@ccsb.com

Ryan T. Scarborough (admitted *pro hac vice*)

>DC Bar No. 466956
>Jesse T. Smallwood (admitted *pro hac vice*)
>DC Bar No. 495961
>William R. Murray, Jr. (admitted *pro hac vice*)
>DC Bar No. 384797
>Christopher J. Baldacci (admitted *pro hac vice*)
>DC Bar No. 90007281
>WILLIAMS & CONNOLLY LLP
>680 Maine Ave., SW
>Washington, DC 20024
>Tel: (202) 434-5000
>rscarborough@wc.com
>jsmallwood@wc.com
>bmurray@wc.com
>cbaldacci@wc.com
>
>Eric Blankenstein (admitted *pro hac vice*)
>DC Bar No. 997865
>LAW OFFICES OF ERIC BLANKENSTEIN PLLC
>1701 Pennsylvania Ave., NW, #200
>Washington, DC 20006
>eric@blankensteinlegal.com
>
>***Counsel for Plaintiffs Cornerstone Credit Union League and Consumer Data Industry Association***

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of this Motion was filed electronically through the Court's ECF system.

DATED: April 30, 2025                                                   */s/ Andrea J. Matthews*