UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CORNERSTONE CREDIT UNION LEAGUE, ET AL. | §<br>§<br>§ |
| v. | §    CIVIL NO. 4:25-CV-16-SDJ |
| | § |
| CONSUMER FINANCIAL PROTECTION BUREAU, ET AL. | §<br>§<br>§ |

# **ORDER**

Before the Court is the parties' Joint Motion to Grant Intervention, Delay the Effective Date of the Medical Debt Rule, and Set Briefing Schedule. (Dkt. #33). The motion has four main requests. First, the parties agree that Proposed Intervenors'[1] Motion to Intervene, (Dkt. #26), should be granted. Second, the parties "request that the effective date of the rule continue to be stayed under 5 U.S.C. § 705 until 39 days after this Court rules on Plaintiffs' Motion for a Preliminary Injunction." (Dkt. #33 at 2). Third, the parties request that the Court set the following briefing schedule:

- The Intervenors' response in opposition to the Joint Motion to Approve Consent Judgment and the Motion for Preliminary Injunction will be due on May 21, 2025.

- Plaintiffs' and Defendants' replies in support of their Joint Motion to Approve Consent Judgment and Plaintiffs' Motion for Preliminary Injunction will be due on May 30, 2025.

(Dkt. #33 at 2).

---

[1] Proposed Intervenors include David Deeds, Harvey Coleman, Tzedek DC, and New Mexico Center on Law and Poverty.

1

Fourth, the parties "request that the Court set a hearing date on Plaintiffs' and Defendants' Joint Motion to Approve Consent Judgment, (Dkt. #31), and Plaintiffs' Motion for Preliminary Injunction, (Dkt. #9), for as soon as is practicable. After full consideration, the motion is **GRANTED IN PART**.

It is therefore **ORDERED** that Proposed Intervenors' Motion to Intervene, (Dkt. #26), is **GRANTED**. David Deeds, Harvey Coleman, Tzedek DC, and New Mexico Center on Law and Poverty may intervene as Defendants in this case under Federal Rule of Civil Procedure 24(b)(1)(B).

It is further **ORDERED** that the effective date of the Prohibition on Creditors and Consumer Reporting Agencies Concerning Medical Information (Regulation V), 90 Fed. Reg. 3276 (Jan. 14, 2025), is **STAYED** until **July 28, 2025**.

It is further **ORDERED** that the following briefing schedule is set:

- The Intervenors may file a response in opposition to the Joint Motion to Approve Consent Judgment and the Motion for Preliminary Injunction by **May 22, 2025**.

- Plaintiffs' and Defendants' replies in support of their Joint Motion to Approve Consent Judgment and Plaintiffs' Motion for Preliminary Injunction is due on **May 30, 2025**.

It is further **ORDERED** that Plaintiffs' and Defendants' Joint Motion to Approve Consent Judgment, (Dkt. #31), and Plaintiffs' Motion for Preliminary Injunction, (Dkt. #9), are set for hearing on **June 11, 2025, at 1:00 p.m**. at the United States Courthouse, 7940 Preston Road, Courtroom 105, Plano, Texas, 75024.

In addition, "[u]nder Federal Rule of Civil Procedure 65, "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." FED. R. CIV. P.

65(a)(2) (emphasis added). When the outcome on the merits "is plain at the preliminary injunction stage, the judge *should*, after due notice to the parties, merge the stages and enter a final judgment." *Curtis 1000, Inc. v. Suess*, 24 F.3d 941, 945 (7th Cir. 1994). Because the parties' Joint Motion for Entry of Consent Judgment, (Dkt. #31), is before the Court, and there does not appear to be a need to further develop the record to resolve this case, the Court will advance the trial on the merits and consolidate it with the upcoming hearing on June 11, 2025.

It is therefore **ORDERED** that, in the parties' briefing, all parties shall file any written objections to the Court advancing the hearing on the merits and consolidating it with the preliminary injunction hearing.

**So ORDERED and SIGNED this 9th day of May, 2025.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE