# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| CORNERSTONE CREDIT UNION LEAGUE and CONSUMER DATA INDUSTRY ASSOCIATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU and RUSSELL VOUGHT in his official capacity as Acting Director of the CFPB,<br><br>*Defendants*. | No. 4:25-cv-00016-SDJ |

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* BY DISABILITY RIGHTS TEXAS, JUSTICE IN AGING, AMERICAN CANCER SOCIETY CANCER ACTION NETWORK, THE LEUKEMIA & LYMPHOMA SOCIETY, SMALL BUSINESS MAJORITY, COMMUNITY CATALYST, NATIONAL HEALTH LAW PROGRAM, AND RAISE TEXAS, IN SUPPORT OF PROPOSED DEFENDANT-INTERVENORS' OPPOSITION TO THE PROPOSED CONSENT JUDGMENT [ECF NO. 31] AND MOTION FOR PRELIMINARY INJUNCTION [ECF NO. 9]**

1

The undersigned non-profit advocacy organizations have a strong interest in preserving the final rule titled *Prohibition on Creditors and Consumer Reporting Agencies Concerning Medical Information (Regulation V)*, 90 Fed. Reg. 3,276 (Jan. 14, 2025). Therefore, they seek leave to file the attached brief as Amici Curiae, in support of Defendant-Intervenor's opposition to both the Joint Motion to Approve Consent Judgement [ECF No. 31], and the Motion for Preliminary Injunction [ECF No. 9]. In support, Movants state the following:

## **STATEMENTS OF INTEREST OF PROPOSED AMICI**

Disability Rights Texas is the agency designated by the Governor of Texas to protect and advocate for the rights of individuals with disabilities in the State of Texas, pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 200, 42 U.S.C. §§ 15041 *et seq*.; the Protection and Advocacy for Mentally Ill Individuals Act of 1986, 42 U.S.C. §§ 10801 *et seq*.; and the Protection and Advocacy of Individuals Rights program, 29 U.S.C. § 794e. As the "protection and advocacy" organization for Texas, Disability Rights Texas is interested in the enforcement of laws that protect the rights of individuals with disabilities to be free from discrimination based on disability, and to participate fully and equally in all aspects of society. The organization has filed numerous friend-of-the-court briefs in

federal courts, at every level, and it has been granted leave to do so by, e.g., the Fifth Circuit Court of Appeals,[1] and the District Court for the Northern District of Texas.[2]

Justice in Aging is a national non-profit legal advocacy organization that fights senior poverty through law. Founded in 1972 (originally under the name "National Senior Citizens Law Center"), Justice in Aging advocates for affordable health care and economic security for older adults with limited resources, focusing especially on populations that have traditionally lacked legal protection. Justice in Aging's work includes substantial advocacy around financial security of low-income older adults and barriers to obtaining coverage for medical care, including federal administrative and legislative advocacy.

The American Cancer Society Cancer Action Network (ACS CAN) advocates for evidence-based public policies to reduce the cancer burden for everyone. ACS CAN strongly supported the proposed rule to prohibit medical debt from appearing on credit reports, urging in comments that the CFPB finalize the rule as soon as possible. ACS CAN is acutely aware that medical debt impacts many people with cancer, their families, and their caregivers. People with cancer often bear significant health care costs because they can have substantial health care needs, are high

---

[1] *See, e.g., Garza v. Energy Transfer*, No. 24-10208 (motion granted June 29, 2024); *Mueck v. La Grange Acquisitions*, No. 22-50064 (motion granted Apr. 20, 2022); *Trautman v. Time Warner Cable Texas, L.L.C.*, No. 18-50053 (motion granted Apr. 17, 2018); and *Feist v. State of Louisiana*, No. 12-31065 (granted Feb. 20, 2013).

[2] See St. Clair v. Don Davis Auto Group, Inc., No. 4:11-cv-00428-Y (motion granted Aug. 1, 2012).

utilizers of health care services, use many different providers, and sometimes require more expensive treatments.

The Leukemia & Lymphoma Society (LLS) is the world's largest voluntary health agency dedicated to fighting blood cancer and ensuring that the more than 1.3 million blood cancer patients and survivors in the United States have access to the care they need. LLS's mission is to cure blood cancers and to improve the quality of life of patients and their families. Through direct interaction with patients, LLS has identified medical debt as a common issue that impacts many patients and their families and has advocated for policies, including the challenged rule, that help prevent or minimize the burden of medical debt.

Small Business Majority is a national organization that empowers America's diverse entrepreneurs to build a thriving and equitable economy, with a network of more than 85,000 small businesses and 1,500 business and community organizations. Small business owners struggle with medical debt as they are more likely to lack access to quality health coverage. Mounting medical debt is disruptive for businesses that need to rely on their personal credit scores to gain access to small business loan products, personal credit cards for their business, or overall financial stability.

The National Health Law Program (NHeLP), founded in 1969, protects and advances health rights of low-income and underserved individuals and families.

NHeLP advocates, educates, and litigates at the federal and state levels to advance health and civil rights in the United States. For more than 50 years, NHeLP has fought for the people's health care rights and for access to services to which they are entitled.  Many of the people NHeLP serves suffer the consequences of high health care debt, which poses a significant obstacle to health care access.

Community Catalyst is a leading non-profit national health advocacy organization dedicated to advancing a movement for health equity and justice. We partner with local, state, and national advocates to leverage and build power so all people can influence decisions that affect their health. Because no one chooses to get sick or injured, Community Catalyst believes that medical debt should not prevent people from getting a loan for a car, a house, or starting a new business.

RAISE Texas is a statewide coalition of nonprofits, financial institutions, public agencies, colleges and universities, and community leaders that provides resources, training, and technical expertise to help community leaders and organizations build and expand asset-building opportunities across Texas. RAISE Texas supports removing medical debt from credit reports because it misrepresents financial risk and creates unnecessary barriers to financial stability for low- to moderate-income Texans.

The above proposed *amici curiae* are all non-profit organizations committed to advancing economic security for people impacted by medical debt, and no publicly held corporation owns 10% or more of the stock of any party to this filing.

No party has paid for or authored any portion of the proposed brief.

## ARGUMENT

In considering technical matters related to regulations, "[c]ourts, after all, do not decide such questions blindly. The parties and amici in such cases are steeped in the subject matter, and reviewing courts have the benefit of their perspectives." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 402 (2024).

Prospective *amici* have substantial expertise in the impact of medical debt credit reporting on people with disabilities, cancer, older adults, and small business owners. Each of the *amici* works to ensure that people who are most likely to be burdened with medical debt—due to unforeseen and unavoidable circumstances—are able remain economically secure. The rule at issue, titled *Prohibition on Creditors and Consumer Reporting Agencies Concerning Medical Information* ("Medical Debt Rule"), 90 Fed. Reg. 3,276 (Jan. 14, 2025) (to be codified at 12 C.F.R. pt. 1022), removes medical debt from the credit reports of millions of Americans, which in turn allows them to more easily access credit needed for housing, small business loans, and other necessary expenses. Furthermore, this rule helps prevent harassment by creditors and possible harm through predatory lenders.

For these reasons, the proposed *amici* urge the Court to grant this motion for leave to file the attached brief *amicus curiae*.

Dated: May 22, 2025.

                                            Respectfully submitted,

                                            /s/ Brian East
                                          BRIAN EAST
                                          Texas Bar No. 06360800
                                          DISABILITY RIGHTS TEXAS
                                          2222 W. Braker Ln.
                                          Austin, Texas 78758
                                          (512) 407-2718 (Phone)
                                          (512) 454-3999 (Fax)
                                          beast@drtx.org

                                          SAHAR TAKSHI
                                          *Application for pro hac vice pending*
                                          District of Columbia Bar No. 1736599
                                          JUSTICE IN AGING
                                          1444 I Street N.W., Ste. 1100
                                          Washington, DC 20005
                                          (202) 683-1991 (Phone)
                                          stakshi@justiceinaging.org

                                          *Counsel for Amicus Curiae*

## CERTIFICATE OF CONFERENCE

Undersigned counsel has complied with the meet and confer requirement in Local Rule CV-7(h) by contacting counsel for all parties by email on Friday May 2, 2025 and Tuesday May 6, 2025. Plaintiffs Cornerstone Credit Union League and

7

Consumer Data Industry consent to the filing of the attached brief *amicus curiae*. Defendant CFPB takes no position on this filing.

/s/ Brian East
BRIAN EAST

## CERTIFICATE OF SERVICE

I certify that on May 22, 2025, the foregoing document was filed on the Court's CM/ECF system which sent notification of such filing to all counsel of record.

/s/ Brian East
BRIAN EAST
